## No. 18,258.

LEE VERNON REED, ET AL. *v.* CITY AND COUNTY OF DENVER.

(342 P. [2d] 642)

Decided August 3, 1959.

Mr. IRVING P. ANDREWS, Mr. ROBERT C. RHONE, JR., for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. PATRICK H. DILLON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were defendants and defendant in error was plaintiff in two separate actions brought by the city to enforce penalties provided by the Denver ordinance relating to gambling and vagrancy. We shall refer to the plaintiffs in error as defendants, the position they occupied in the trial court. Upon trial of the charges resulting in convictions in the police court, appeals were taken to the Superior Court where they and each of them were adjudged guilty of violating the city ordinances relating to gambling and operating a gambling game, as well as of vagrancy. From the judgment pronounced the defendants bring the case here on writ of error.

For reversal it is urged that the evidence is insufficient to sustain the judgment and "That it was error to consolidate the trials of the two defendants and that the consolidation resulted in a substantial prejudice to each of the defendants."

We have carefully reviewed the record and find no merit in the contention that the evidence was insufficient to sustain the judgments on the charge of operating a gambling house. Several police officers stationed themselves outside the premises of the "Omega Club" and testified that a considerable number of persons were inside said premises and that the police officers heard statements made by these persons such as "Shoot," "You're faded," "Shoot two," "Shoot five," "It's your turn to shoot." Upon entering the premises they found a pool table, without cue sticks or balls, one pair of dice was thrown to the floor, and money was in evidence. There is ample evidence that when the officers entered the Omega Club there was a wild scramble for money and that defendant Taylor had two pairs of dice in his pocket, together with $43.40 in coins, which he said he kept for making change for the coke machine. Witnesses testified that defendant Reed stated he was running the place and that he had keys to the vending machines in the club. One of the persons present had some $300.00,

at least a part of which he took from the pool table and the rest was in his hand when the officers arrived inside the Omega Club. Officer Metzler testified that he had a conversation with defendant Taylor in which Taylor stated "He was more or less in charge when Mr. Reed was not present." Another officer testified to the same statement made by Taylor.

With reference to the defendant Reed, it appears that he was outside the premises at the time of his arrest.

The ordinance concerning vagrancy (824-1-1 of Ordinance 250 series of 1950) defines a vagrant as "Any person having no lawful means of employment and having no lawful means of support realized solely from lawful occupations or sources; or, any person who lives idly and without visible means of support." There is no testimony in this record which brings either of these defendants within the above quoted definition.

■ At the conclusion of plaintiff's case defendant's counsel moved for their discharge. This motion was denied and defendants rested without offering any evidence. The record as made by counsel for the city was ample to sustain the judgment based on the charge of keeping a gambling house, and it would be idle to cite the numerous cases in this jurisdiction which hold that the findings of fact made by a trial judge will not be disturbed if there is competent evidence to sustain such findings. Under the record here submitted the defendants stood on their motion to dismiss and the testimony offered by the city stands unrebutted.

■ With reference to the contention that these cases were consolidated for trial we need only say that the two cases were founded on the same transaction, involved the same evidence and were set for trial at the same time. It would have been idle for the trial court to have heard the same evidence in two separate trials, and it is apparent that no prejudice to defendants resulted. It is admitted that the cases were consolidated or heard at one and the same time in the Municipal Court, were

appealed as companion cases and set for trial in the Superior Court at the same time and on the same date. Each case was separately ruled upon by the trial judge. No element of surprise appears, and this being a trial to the Court without a jury, we are satisfied that no error was committed, in disposing of the cases in only one hearing.

The judgments entered on the charge of keeping a gambling house are affirmed. The judgments entered on the charge of vagrancy are reversed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.